**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cara HANLINE, Defendant—Appellant.**

No. 04–50303.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2005.

Decided April 18, 2005.

Anne K. Perry, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Nicholas De Pento, Esq., San Diego, CA, for Defendant–Appellant.

Before: THOMAS and BERZON, Circuit Judges, and MAHAN,* District Judge.

MEMORANDUM **

Cara Hanline conditionally pled guilty, pursuant to Federal Rule of Criminal Procedure 11(a)(2), to violating 21 U.S.C. § 841(a)(1) by possessing more than 500 grams of methamphetamine with intent to distribute. Hanline now appeals the dis-

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

trict court's denial of her motion to suppress the introduction as evidence of drugs found in the back seat of her car subsequent to her arrest. Because law enforcement officials had probable cause,[1] we affirm.

We have summarized the probable cause standard as follows:

Officers have probable cause for an arrest if at the time of the arrest, the facts and circumstances within their knowledge of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent [person] in believing that the defendant committed an offense. Officers have probable cause for a search when the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found.

*United States v. Henderson,* 241 F.3d 638, 647–48 (9th Cir.2000) (citations and quotations omitted, first two alterations in original). When, as here, an arrest or search is based substantially on tips provided by an informant, that individual's reliability and his basis for knowing the information provided are "highly relevant" in determining whether the tips establish probable cause. *Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

In this case, the confidential informant's reliability is firmly established. Drug Enforcement Agency Agent Barry Koch testified that he had worked with the informant "on a regular basis" on "at least" fifteen narcotics cases over the previous year, and that, "[w]e never had reason to disbelieve him in any regards. Every bit of information he has ever given us has been reliable." Nothing in the record suggests that these statements are untrue, and the district court specifically credited Koch's testimony.

The confidential informant did not, however, personally participate in the arrangements between Howard and Hanline, but instead relied on information conveyed by Howard during several conversations on November 25, 2002, the day of Hanline's arrest. According to the informant, Howard relayed information regarding the upcoming drug transaction involving Hanline. Howard's reliability is not established in the record. However, even if an informant's detailed tip does not at all disclose the informant's basis of knowledge, details of the actual events corroborating that tip establish probable cause. *See Gates,* 462 U.S. at 241–43, 103 S.Ct. 2317. Here, although the informant's basis of knowledge regarding the November 25 drug deal consisted of conversations with Howard rather than his own personal observations, law enforcement officials observed events that corroborated Howard's information: As Howard predicted, Hanline, known to the officers to have offered in the past to supply drugs, arrived outside Howard's apartment building, and Howard went out to meet her. Under *Gates,* this corroboration, coupled with the informant's reliability, triggered probable cause that Hanline had arrived with drugs to sell to Howard.

Finally, "when a suspect 'spe[eds] off' from an automobile stop, his flight togeth-

---

1. Probable cause that an individual has committed a felony and is in a public place is sufficient to permit a law enforcement officer to arrest an individual without a warrant. *United States v. Watson,* 423 U.S. 411, 416–17, 96 S.Ct. 820, 46 L.Ed.2d 598(1976). Probable cause that evidence of a crime will be found in an automobile justifies a warrantless search of that automobile. *California v. Carney,* 471 U.S. 386, 392–93, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985). Because Hanline was arrested for a felony in a public place and the search at issue was of her car, no arrest or search warrant was needed if probable cause existed.

er with other evidence g[ives] rise to probable cause." *United States v. Fuentes,* 105 F.3d 487, 490 (9th Cir.1997) (citation omitted). Hanline drove her car less than one ·block, looked in the direction of a marked police car, shifted her car into reverse and drove away from the police car, causing her tires to squeal. She then left her car and ran away from it. When caught, she had no explanation regarding why she had fled. In conjunction with the other evidence against her, this evidence of flight from police gives rise to probable cause to arrest her.

All of these facts, taken together, provide sufficient evidence to establish probable cause she was committing the felony of possession of narcotics with intent to distribute.

The district court judgment is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts